UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULETTE MITTO and DAVID GERVAIS *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> MOUNT SINAI HEALTH SYSTEM, INC., <br><br> Defendant. | 1:25-cv-07461-AT-SDA <br><br> **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

**WHEREAS**, Plaintiffs Julette Mitto, David Gervais, Joseph Thomas, Deborah Taylor, and Spring Williams (each a "Plaintiff" and, collectively, "Plaintiffs") and Defendant The Mount Sinai Hospital (incorrectly identified in the Complaint as Mount Sinai Health System, Inc.) (each a "Party" and, collectively, the "Parties") are engaged in discovery in the above action; and

**WHEREAS**, certain documents and information have been and may be sought, produced, exhibited, or disclosed by and among the Parties during the course of this action that relate to the Parties' or non-parties' financial information, competitive information, personnel information, medical information, or other kinds of sensitive or proprietary information which the Party making the production deems confidential ("Confidential Information"); and

**WHEREAS**, the Parties, through their respective counsel, wish to enter a stipulation and proposed protective order (the "Stipulation and Protective Order") preserving the confidentiality of certain documents and information and respectfully request that the Court so-order the Stipulation and Protective Order; and

**WHEREAS**, the Parties acknowledge that the Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

**WHEREAS**, the Parties acknowledge that the Stipulation and Protective Order creates an obligation to take appropriate precautions with respect to Confidential Information (as defined below) but does not create entitlement to file Confidential Information under seal.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that any person subject to this Stipulation and Protective Order—including without limitation the Parties, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Stipulation and Protective Order—shall adhere to the following terms:

1.      For the purposes of this Stipulation and Protective Order, "Confidential Information" shall refer to any type or classification of information designated as "Confidential" by the Party producing it, based on the designating Party's good faith belief that it is confidential, whether it be a document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition or information contained in, or communicated through, any other medium or means.

2.      A Party may designate as "Confidential" any document or information which the designating Party has a legitimate interest in maintaining as confidential, is not publicly available, and discloses financial information, competitive information, personnel information concerning individuals not party to this action, personally identifiable information (PII), personal

health information (PHI), or other kinds of sensitive or proprietary information about a Party or non-party.

3.      Confidential Information produced in connection with this action may be used and retained for purposes of this action only.

4.      Access to and/or disclosure of all or any part of the Confidential Information shall be permitted only to the following persons (the "Designated Persons"):

(a)      The Parties.

(b)      Third parties who are deposed by any Party in this action.

(c)      Counsel for the Parties, including in-house counsel, who are charged with responsibility for and are actively engaged in prosecuting or defending this action ("Counsel"), and Counsel's employees and independent contractors, such as paralegals, secretaries and clerical employees, who are actually involved in prosecuting or defending this action or any appeal therein.

(d)      Experts and consultants retained by the Parties to assist in the preparation and trial of this action.

(e)      Court reporters at deposition and trial or in connection with any motion or hearing in this action.

(f)      This Court, including any appellate court, and the Court personnel and support personnel for the same.

(g)      Mediators retained by the Parties and/or assigned by the Court.

5.      All those Designated Persons identified in paragraphs 4(b) and 4(d) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Stipulation and Protective Order and agree in writing to comply with its terms.  If any such person fails or refuses to agree in writing to comply with the terms of this Stipulation and Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time.  The Parties, or any of them, may then seek relief from the Court as to,

among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

6.    Confidential Information may be used solely in connection with this action, including, but not limited to, for the purposes of motions, hearings, briefs, preparation for trial, and trial.  Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstract or index thereof.

7.    Nothing contained in this Stipulation and Protective Order shall alter or restrict the rights of any such person who, notwithstanding disclosure pursuant to this Stipulation and Protective Order, currently has access to, or possession of, Confidential Information.

8.    If Confidential Information is disclosed at a deposition, whether by testimony or as exhibits, only those persons may be present who are authorized by the terms of this Stipulation and Protective Order to have access to such material.  Either Party or their counsel may designate portions of the transcript and/or exhibits as confidential by (a) notifying the other Party on the record at the time of the testimony, or (b) in writing within fourteen (14) days of receipt of the transcript and/or exhibits of the specific pages and lines and/or the specific exhibits that contain Confidential Information, in which case all counsel receiving the transcript and/or exhibits will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel.  All Parties shall treat deposition transcripts and/or exhibits as Confidential Information in their entirety during the fourteen-day designation period.

9.      No modification or other change to this Stipulation and Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

10.      Nothing contained herein shall prejudice the right of a Party to object to the production of any documents.  Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Designating Person a written notice stating  of the objection. Upon receipt of such notice, the Designating Party must provide justification for the designation. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to the Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

11.      The fact that a Party executed this Stipulation and Protective Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges).

12.      This Stipulation and Protective Order does not prejudice the right of any Party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

(a)      a further Protective Order relating to any discovery in this action; or,

(b)      an Order declaring that a document or information designated as "Confidential" is not confidential;

and likewise does not prejudice the right of any Party to object to any such application or motion.

13.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the

5

request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

14.     Confidential Information (including confidential portions of documents or transcripts) or any document that discloses the substance or content of Confidential Information, used in connection with any motion, other written submission, hearing or trial in this action, shall be filed under seal, or shall be submitted to the Court in such other manner as the Court may order, to protect the confidentiality of such information.  The Parties agree to follow the procedures for sealing set forth in Magistrate Judge Aaron's Individual Practices when requesting to seal confidential documents pursuant to this agreement.

15.     All Confidential Information produced during discovery, and all copies, digests, or summaries made thereof shall be destroyed by the Party possessing such Confidential Information within sixty (60) days after final determination of this action.  The destroying Party shall, upon request, provide the other Parties with a certificate attesting to such destruction.

16.     Failure to mark information confidential shall not be deemed a waiver.  When counsel to the Party wishing to have it marked discovers the error, it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential.  This does not waive the receiving Party's right to challenge the producing Party's confidential designation.

17.     The inadvertent disclosure of privileged material by a producing person or its counsel shall not constitute a waiver of any applicable privilege.  Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the producing person.  A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure

6

that the material is privileged, and the material shall be returned or destroyed on request of the producing person or counsel. Persons in receipt of inadvertently disclosed privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person or counsel. In addition, the disclosure of Confidential Information pursuant to the procedures set forth in this Stipulation and Protective Order does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of information designated Confidential Information.

18.    If any Party is served with a subpoena or Court Order requiring the disclosure of any Confidential Information, that Party shall notify all other Parties to this action in writing c/o each Party's respective counsel of record via email and overnight mail within three business days of being served with such subpoena or Court Order and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

19.    All persons subject to this Stipulation and Protective Order acknowledge that willful violation of this Stipulation and Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20.    A Party may be requested to produce documents and/information that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third

party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

21. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Stipulation and Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

**SO STIPULATED AND AGREED:**

Dated: New York, New York
        May 1, 2026

**JOSEPH & NORINSBERG, LLC**                **PROSKAUER ROSE LLP**

By: /s/ *Elizabeth Pollock*                By: /s/ *Allan S. Bloom*
        Elizabeth Pollock                          Allan S. Bloom
825 Third Avenue, Suite 2100               Eleven Times Square
New York, New York 10022                   New York, New York 10036
(212) 324-2897                             (212) 969-3880
elizabeth@norinsberglaw.com                abloom@proskauer.com

*Attorneys for Plaintiff*                  *Attorneys for Defendants*

**SO ORDERED:**

Dated: May 1, 2026

The Honorable Stewart D. Aaron
United States Magistrate Judge