Proskauer>> Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

October 28, 2026

Melissa A. Overbeck
Attorney at Law
d +1.212.969.3086
f 212.969.2900
moverbeck@proskauer.com
www.proskauer.com

**By ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Application GRANTED. The discovery deadlines are stayed *sine die*. No later than January 15, 2027, the parties shall file a joint letter regarding the status of this action. If the action has not resolved, the parties shall included a proposed Revised Case Management Plan. SO ORDERED.
Dated: October 29, 2026

Re: *Julette Mitto, et al. v. The Mount Sinai Hospital*
25 Civ. 7461 (SDA)

Your Honor:

We represent Defendant The Mount Sinai Hospital in the above-referenced matter. In accordance with the Court's September 2, 2026 Order (Dkt. 53) (the "Order"), we write jointly with counsel for Plaintiffs to update the Court as to the status of discovery and to request a temporary stay of all deadlines in this case to allow the Parties to engage in settlement negotiations.

In the Parties' September 1, 2026 status report, Plaintiffs' counsel reported that Plaintiffs Williams and Taylor intended to withdraw their consents to join this action. The Parties understood that both Plaintiffs would do so promptly, after which the remaining Plaintiffs would complete their document production and the Parties would proceed with scheduling and completing Phase 1 depositions. Instead, Plaintiff Williams withdrew from the case and Plaintiffs' counsel moved to be relieved as counsel for Plaintiff Taylor, which motion the Court granted on October 9, 2026, giving Plaintiff Taylor until October 23, 2026, to notify the Court whether she intended to proceed pro se or retain new counsel. That deadline recently passed, and to date, Plaintiff Taylor has not filed anything indicating her intent to remain in the case. Because of the ongoing ambiguity as to which Plaintiffs would remain in this action, which continued through last week, the Parties have been unable to proceed with Phase 1 depositions.

While waiting for a resolution regarding which Plaintiffs would remain in this action, however, the Parties revisited settlement discussions and are now engaged in those discussions in earnest in the hopes of resolving this matter without the need for further litigation. Accordingly, rather than request an extension of time to complete Phase 1 discovery, the Parties respectfully request a stay of all deadlines in this matter to allow the Parties to focus on settlement discussions without incurring further litigation-related expense. Specifically, the Parties respectfully request that the Court order the following:

- A *sine die* stay of all deadlines in the Report of Rule 26(f) Meeting and Case Management Plan ("CMP"), entered April 20, 2026 (Dkt. 37), as amended in the Order.

- A January 15, 2027 deadline for the Parties to file a joint letter advising the Court as to the status of their settlement efforts and, if the Parties have determined that negotiations will be unsuccessful, attaching a proposed revised CMP providing for the completion of Phase 1 Discovery within 60 days and setting all remaining deadlines through Conditional Certification.

Should the Court deny the Parties' request for a stay, the Parties respectfully request that the deadlines in the Order be adjourned as follows:

| **CMP Deadline** | Current Deadline (as amended by the Order) | Proposed Revised Deadline |
|---|---|---|
| Phase 1 depositions completed (CMP ¶ 5(A)(b)(i)) | November 13, 2026 | January 15, 2027 |
| Requests for admission served (CMP ¶ 5(A)(b)(iii)) | November 13, 2026 | January 15, 2027 |
| Phase 1 discovery completed (CMP ¶ 5(A)(a)) | December 14, 2026 | February 15, 2027 |
| Plaintiffs' motion for conditional certification (CMP ¶ 10) | January 14, 2027 | March 15, 2027 |

This proposal does not affect the Phase 2 schedule, which under CMP ¶ 5(B) is due within thirty days of the Court's ruling on Plaintiffs' certification motion.

In accordance with Your Honor's Individual Practices: the deadlines sought to be extended and their current dates appear in the table above; this is the Parties' second request to extend these deadlines; the request is made jointly and on consent; the deadlines listed above are the only deadlines presently set, as Phase 2 deadlines have not yet been scheduled; and no conference or other appearance before the Court is currently scheduled.

Respectfully submitted,

*/s/ Melissa A. Overbeck*

Melissa A. Overbeck

cc: Elizabeth Pollock, Esq., Joseph & Norinsberg, LLC
All Counsel of Record (via ECF)